IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEOFFREY GEIST,

                Plaintiff,

v.                                        Case No. 17-2317-JWL

AARON HANDKE
(d/b/a FoxPoint Trucks, LLC), and
OTRLEASING, LLC,

                Defendants.

**<u>ORDER</u>**

The plaintiff, Geoffrey Geist, brings this FLSA action against Aaron Handke, d/b/a FoxPoint Trucks, LLC, and OTRLeasing, LLC, alleging claims for unpaid overtime wages and retaliation. On May 29, 2018, more than two months after the close of discovery,[1] and after the court entered its pretrial order (ECF No. 40), plaintiff served his first supplemental Rule 26(a)(1) disclosures identifying six previously-undisclosed individuals.[2] Defendants have filed a motion for sanctions, specifically, to preclude these witnesses from testifying at trial (ECF No. 48), and plaintiff has filed a cross-motion to amend the scheduling order to permit the untimely disclosures (ECF No. 53). For the reasons set forth below, defendants' motion is denied, and plaintiff's motion is granted.

<u>Motion for Sanctions (ECF No. 48)</u>

---

[1] *See* ECF No. 20 (setting March 21, 2018, as the deadline for the completion of all discovery, and requiring all supplemental disclosures to be served by February 9, 2018).

[2] *See* ECF No. 45.

1

Plaintiff's supplemental disclosures newly identify the following six individuals, all of whom are current or former employees of defendants: Shanon Johnson, Samantha Pearson, Kevin Schuler, Rachel Hemkens, Jacob Cummings, and Isaiah Martin.[3] Defendants argue that plaintiff's supplemental disclosures are untimely under the court's scheduling and pretrial orders, and that pursuant to Fed. R. Civ. P. 37(c)(1), the court should preclude plaintiff from calling these witnesses at trial.

Rule 37(c)(1) states that if a party fails to identify a witness "as required by Rule 26(a) or (e), the party is not allowed to use that … witness to supply evidence … unless the failure was substantially justified or is harmless."[4] The determination of whether the "violation is justified or harmless is entrusted to the broad discretion of the district court."[5] Although the court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose,"[6] the court should be guided by the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure any prejudice; (3) the potential for

---

[3] ECF No. 49-1.

[4] In addition to disallowing the use of the undisclosed witness, Rule 37(c)(1) gives the court discretion to impose additional sanctions.

[5] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)); *see also Chambers v. Fike*, No. 13-1410, 2014 WL 3565481, at *4 (D. Kan. July 18, 2014).

[6] *Woodworker's Supply*, 170 F.3d at 993.

trial disruption if the testimony is allowed; and (4) the erring party's bad faith or willfulness.[7]

Plaintiff claims he was unaware of the existence of the newly-disclosed witnesses until May 10, 2018, when a "whistleblower"—one of defendant's current non-supervisory employees—e-mailed his counsel the following:

> I am writing you in reference to Geist v. Handke et al. I have some valuable resources that I would like to confidentially share with you. These are people who have worked for OTR and you need to talk to. Listed in order of employment …"[8]

The e-mail goes on to identify the six individuals disclosed in plaintiff's supplemental disclosures. Plaintiff's counsel asserts, via declaration:

> In the following weeks I spoke with the whistleblower and was informed that the whistleblower had read the depositions of Aaron Handke, Roman Fields, Laura Stack, and Blake Fulton that were attached to Plaintiff's Summary Judgment Motion. The whistleblower informed me that the witnesses had perjured themselves regarding material facts in the case for which the whistleblower had been a witness. Further interviews with some of the identified "witnesses" confirmed that the Defendants had failed to disclose them as witnesses. The evidence provided also supported that the deposed individuals had perjured themselves both in their statements about material facts, and in failing to identify witnesses to the events that give rise to this lawsuit.[9]

---

[7] *Id.*; *Gutierrez v. Hackett*, 131 Fed.Appx. 621, 625–26 (10th Cir. 2005) (applying the *Woodworker's Supply* factors); *Scottsdale Ins. Co. v. Deere & Co.*, 115 F.Supp.3d 1298, 1305 (D. Kan. 2015); *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413, 2014 WL 3927277, at *4 (D. Kan. Aug. 12, 2014).

[8] ECF No. 52-2.

[9] ECF No. 52-1. Plaintiff's supplemental disclosures indicate that each of the newly-disclosed witnesses "[m]ay have knowledge that Blake Fulton and Aaron Handke

3

Plaintiff claims that because the newly-disclosed witnesses were unknown to him until his counsel was contacted by a whistleblower, his failure to disclose is substantially justified. Additionally, because defendants were allegedly aware of—and failed to disclose—these witnesses, plaintiff asserts his untimely disclosure is harmless, and that he's entitled to attorney's fees.

Given the May 10, 2018, e-mail to plaintiff's counsel identifying previously unknown witnesses, and without any evidence of bad faith or willfulness,[10] the undersigned U.S. Magistrate Judge, James P. O'Hara, finds plaintiff's failure to disclose to be substantially justified. Accordingly, the court need not address whether the failure is harmless. In any event, the court observes that trial is not set until December 3, 2018. On the record presented, as a practical matter the court doesn't believe allowing plaintiff to supplement his disclosures should disrupt the trial setting, even though some additional discovery should be permitted. The court further finds that its modifications to the pretrial order, set forth below, will alleviate the prejudice and surprise claimed by

---

provided false testimony under oath, that Blake Fulton threated the Plaintiff, that Plaintiff and similarly situated employees worked in excess of forty hours in a work week and were not compensated for that time, that previous complaints of sexual harassment and retaliation were made against Blake Fulton, that the Defendant's [sic] retaliated against employees for making complaints, that Aaron Handke lied to potential investors and failed disclose [sic] previous complaints in order to secure investment." ECF No. 49-1.

[10] To the extent defendants, in opposing plaintiff's motion to amend, argue that plaintiff's failure to identify the *bases* of the witnesses' knowledge constitutes evidence of "bad faith," the court finds the argument frivolous.

defendants, at least to some extent.[11] Insofar as plaintiff seeks his own attorney's fees on the basis that defendants failed to identify the newly-disclosed witnesses, the court finds the instant record insufficient to reach such a determination.

Motion to Amend Scheduling Order (ECF No. 53)

For the same reasons set forth in plaintiff's opposition to defendants' motion for sanctions, plaintiff argues good cause exists to modify the scheduling order to allow the supplementation of initial disclosures out of time. Plaintiff asks the court to extend the deadline for supplementing initial disclosures until July 27, 2018, to allow plaintiff to amend his initial disclosures and answers to requests for production of documents to include recently disclosed witnesses and obtained documents.

Defendants counter that rather than show "good cause" under Fed. R. Civ. P. 16(b)(4), plaintiff must show that amendment of the pretrial order is necessary to prevent "manifest injustice." According to defendants, the court should consider:

> (1) disruption to the orderly and efficient trial of the case by inclusion of the new issue; (2) prejudice or surprise to the party opposing trial of the issue; (3) the ability of the party to cure any prejudice; and (4) bad faith by the party seeking to modify the order.[12]

For the same reasons the court found that plaintiff substantially justified his failure

---

[11] Much of defendant's briefing is irrelevant to the court's analysis—i.e., the court need not address, at least at this juncture, the admissibility of the witnesses' testimony, the bases of the witnesses' knowledge supporting their testimony, plaintiff's obligation to identify the source of the newly-discovered information, etc.

[12] ECF No. 56 at 4 (citing *Brigham v. Colyer*, No 09-2210, 2010 WL 3909824, at *2 (D. Kan. Oct. 1, 2010)).

to disclose, the court finds the pretrial order should be modified to prevent manifest injustice. The factors relied upon by defendants are identical to those applied by the court in addressing defendants' motion for sanctions, and accordingly, plaintiff's motion is granted for the reasons set forth above.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Defendants' motion for sanctions (ECF No. 48) is denied.

2. Plaintiff's motion to modify the scheduling order to allow supplementation of initial disclosures out of time (ECF No. 53) is granted.

3. Plaintiff shall have until **July 27, 2018**, to amend his initial disclosures and answers to requests for production of documents to include recently disclosed witnesses and obtained documents.

4. Discovery shall be re-opened, limited to the witnesses and documents newly disclosed via plaintiff's supplemental disclosures. All such discovery must be served or commenced in time to be completed by **October 1, 2018.**

5. This case remains set for trial on docket before the presiding U.S. District Judge, John W. Lungstrum, on **December 3, 2018, at 9:30 a.m.** By **November 1, 2018**, the parties shall confer and file a joint notice informing Judge Lungstrum whether trial is still expected to take approximately 4 days.

Dated July 18, 2018, at Kansas City, Kansas.

<u>s/ James P. O'Hara</u>

James P. O'Hara
U.S. Magistrate Judge