IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GEOFFREY GEIST,**<br><br>      Plaintiff,<br><br>v.<br><br>**AARON HANDKE**<br>**D/B/A FOXPOINT TRUCKS, LLC, et al.,**<br><br>      Defendants. | Case No. 2:17-cv-02317-HLT |

## MEMORANDUM OF LAW IN SUPPORT OF
## JOINT MOTION TO APPROVE FLSA SETTLEMENT

The Parties, Plaintiff Geoffrey Geist and Defendants Aaron Handke d/b/a FoxPoint Trucks, LLC and OTR Leasing, LLC (collectively, "OTR"), have entered into a settlement agreement (attached as Exhibit 1) in which the Parties have agreed to settle Geist's claim that he was: (1) misclassified as administratively exempt from overtime under the Fair Labor Standards Act ("FLSA"); and (2) terminated in retaliation for exercising rights under the FLSA. The settlement agreement relating to Geist's misclassification claim is subject to the Court's approval, while the portion relating to Geist's retaliation claim is not.[1]  *See Dorner v. Polsinelli, White, Vardeman & Shalton, P.C.*, 856 F. Supp. 1483, 1488-89 (D. Kan. 1994) (holding that settlement of FLSA retaliation claims does not require supervision).

When an employee files suit against his employer to recover unpaid overtime wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable. *See Lynn's Food Stores, Inc. v.*

---

[1] Although the Parties are submitting a redacted copy of their settlement agreement by excluding portions solely related to Plaintiff's FLSA retaliation claim, the Parties will submit an unredacted copy to the Court for *in-camera* inspection upon the Court's request if the Court believes it necessary to understand the complete terms of the Parties' settlement agreement.

1

*United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. *See id.* at 1354. The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness. *See Baker v. D.A.R.A. II, Inc.,* No. CV–06–2887–PHX–LOA, 2008 WL 4368913, at *2 (D. Ariz. Sept.24, 2008). The FLSA also requires that a settlement agreement include an award of reasonable attorney's fees. *See Lee v. The Timberland Co.,* No. C 07–2367–JF, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008).

> 1. **There is Bona Fide Dispute.**

As evidenced by the Court's Memorandum & Order denying Plaintiff's Motion for Partial Summary Judgment (ECF No. 59), there is a bona fide dispute about whether Plaintiff's underwriting job duties were exempt from the FLSA's overtime requirements. Even if Plaintiff prevailed on his claim for unpaid overtime wages and received liquidated damages, he would be entitled to no more than approximately $21,899.99, representing 208 hours of claimed overtime for which he was not paid. *See* Exhibit 2 (excerpts from Plaintiff's answers to Defendants' interrogatories). Defendants dispute that Plaintiff is owed any amount for unpaid overtime because his job duties were exempt. And, even if his job duties were not exempt, Defendants assert that Plaintiff worked much less than alleged, such that his claimed amount due was overstated.

In short, the parties dispute whether there is liability – and, if so, the amount of damages that Plaintiff could recover – and have entered into a settlement agreement as a compromise to avoid the time, trouble, expense, and uncertainty of continued litigation.

> 2. **The Settlement is Fair and Equitable to All Parties Concerned.**

The parties believe that the settlement of Plaintiff's FLSA misclassification claim is fair and equitable based on Plaintiff's total claimed damages. The parties have agreed to

2

settle Plaintiff's FLSA misclassification claim for a total of $8,855. This amount includes attorneys' fees, attorney expenses, wages, and liquidated damages attributed to Plaintiff's misclassification claim. Notably, this amount reflects a portion of Plaintiff's total claimed damages. Based on the discovery and sworn testimony in this case, Plaintiff's damages attributable to his FLSA misclassification claim represent 7.7% of the total damages that he is claiming in this lawsuit. Consequently, the parties have allocated 7.7% of the total settlement proceeds to Plaintiff's FLSA misclassification claim.

The settlement amount represents a compromise amount of what Plaintiff could stand to recover should he proceed to trial and prevail. By agreeing to settle the case, Defendants avoid the risk of an adverse judgment and, at the same time, avoid incurring additional expense associated with defending against Plaintiff's claims.

### 3. The Settlement Agreement Provides for Payment of Plaintiff's Reasonable Attorneys' Fees.

The prosecution of both claims in this case required Plaintiff's counsel to defend or take 13 depositions. Additionally, this case required extensive motion practice, as evidenced by Plaintiff's motion for partial summary judgment and motions relating to Plaintiff's supplementation of his initial disclosures under Rule 26(a) after the close of discovery. *See* ECF No. 58. In total, Plaintiff's counsel spent more than Two-Hundred hours prosecuting this case.

Similar to the manner in which the Parties allocated the settlement amount as settlement of Plaintiff's FLSA misclassification claim, the amount of attorneys' fees allocated in the settlement agreement towards Plaintiff's FLSA misclassification claim represent 7.7% of the total settlement amount. Plaintiff's counsel's customary-requested hourly rate in FLSA cases is $500 per hour for Ryan Paulus and $300 per hour for his partners

3

and associates who assisted him with this case. *See Jones et al. v. Wyandot Inc.*, ECF No. 40, Case No. 2:14-cv-02112-TJJ (approving these hourly rates for Plaintiff's counsel in another FLSA case), such that the amount allocated towards attorneys' fees towards the settlement of Plaintiff's FLSA misclassification claim is reasonable.  The amount of attorneys' fees allocated to Plaintiff's counsel for settlement of Plaintiff's FLSA classification claim under the settlement agreement represents 50% of the total settlement proceeds on that claim.  This is consistent with Plaintiff's counsel's typical and customary contingency fee agreement with clients.  Under these circumstances, the amount of attorneys' fees and costs allocated under the settlement agreement are reasonable.

Finally, Plaintiff's counsel also incurred $513.37 in out-of-pocket costs and expenses attributable to Plaintiff's FLSA misclassification claim (i.e., this amount represents 7.7% of the total costs Plaintiff's counsel incurred to prosecute Plaintiff's claims).  This amount was also allocated under the Parties' settlement agreement as settlement of Plaintiff's claim for costs incurred in prosecuting his FLSA misclassification claim.

For these reasons, the Parties respectfully request that the parties' Joint Motion to Approve FLSA Settlement be GRANTED.

Respectfully Submitted By:

| CORNERSTONE LAW FIRM | SEYFERTH BLUMENTHAL & HARRIS LLC |
|---|---|
| */s/ Ryan M. Paulus* | */s/ Michael L. Blumenthal* |
| Ryan M. Paulus | Michael L. Blumenthal   KS Bar No. 18582 |
| 8350 North St. Clair Avenue – Suite 225 | 4801 Main Street, Suite 310 |
| Kansas City, Missouri 64151 | Kansas City, Missouri  64112 |
| Telephone:  (816) 581-4040 | Telephone:    816.756.0700 |
| Facsimile:  (816) 741-8889 | Facsimile:    816.756.3700 |
| Email: r.paulus@cornerstonefirm.com | Email:         mike@sbhlaw.com |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANTS |