IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GEOFFREY GEIST,**<br><br>　　**Plaintiff,**<br><br>　　v.<br><br>**AARON HANDKE d/b/a FOXPOINT TRUCKS, LLC, et al.,**<br><br>　　**Defendants.** | **CASE NO. 2:17-CV-02317-HLT** |

## MEMORANDUM AND ORDER

Plaintiff Geoffrey Geist brought suit against Aaron Handke d/b/a Foxpoint Trucks, LLC and OTRLeasing, LLC (collectively "Defendants") to recover unpaid wages, liquidated damages, costs and attorney fees under the Fair Labor Standards Act ("FLSA") due to Defendants' alleged misclassification of Plaintiff as an exempt employee. Plaintiff also brought a claim for retaliation under the FLSA.[1] The parties have reached a settlement agreement. This matter is before the Court on their Joint Motion to Approve FLSA Settlement, filed November 13, 2018. Doc. 82. Because the Court finds that the proposed settlement agreement for the misclassification claim is fair and reasonable, the motion is granted.

**I.　ANALYSIS**

When employees file suit against their employer to recover wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement is fair and reasonable. *McCaffrey v. Mortg. Sources, Corp.*, 2011 WL 32436, at *2 (D. Kan. 2011); *see also Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353

---

[1]  Plaintiff's FLSA retaliation claim is not subject to the Court's approval. *See Dorner v. Polsinelli, White, Vardeman & Shalton, P.C.*, 856 F. Supp. 1483, 1488-89 (D. Kan. 1994).

(11th Cir. 1982). The provisions of the FLSA are not subject to private negotiation between employers and employees. *See Lynn's Food Stores*, 679 F.2d at 1352; *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1234 (M.D. Fla. 2010); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718 (E.D. La. 2008). Requiring court approval of FLSA settlements thus effectuates the purpose of the FLSA—to "protect certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee," which may "endanger[ ] national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To approve an FLSA settlement, the district court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains an award of reasonable attorney fees. *See McCaffrey*, 2011 WL 32436, at *2; *Lynn's Food Stores*, 679 F.2d at 1354.

### A.     Bona Fide Dispute

Parties requesting approval of an FLSA settlement must provide the district court with sufficient information to determine whether a bona fide dispute exists. *See Dees*, 706 F. Supp. 2d at 1241. To meet this obligation, the parties should provide the following information: (1) a description of the nature of the dispute (e.g., a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employee's right to a minimum wage or overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *McCaffrey*, 2011 WL 32436, at *2.

Here, there is a bona fide dispute about whether Plaintiff's underwriting job duties were exempt from the FLSA's overtime requirements. The Court previously conducted an exhaustive

analysis for summary judgment purposes on whether Defendants misclassified Plaintiff as exempt under the FLSA. Doc. 59. Specifically, the Court analyzed the nature of the dispute, the nature of Defendants' business, the type of work that Plaintiff performed, and the reasons Defendants dispute Plaintiff's right to additional wages. *Id.*

Plaintiff contends that he is entitled to no more than approximately $21,899.99, representing 208 hours of claimed overtime for which he was not paid. Defendants dispute that Plaintiff is owed any amount for unpaid overtime because his job duties were exempt. And, even if his job duties were not exempt, Defendants assert that Plaintiff worked much less than alleged, such that his claimed amount due was overstated. Based on this record, the Court finds that the parties have a bona fide dispute.

### B.     Fair and Reasonable

To determine whether a proposed settlement under the FLSA is fair and equitable to the parties, courts regularly look at the fairness factors that apply to a proposed class action settlement under Rule 23(e). *Tommey v. Comput. Scis. Corp.*, 2015 WL 1623025, at *2 (D. Kan. 2015). These factors include (1) whether the proposed settlement has been fairly and honestly negotiated; (2) whether serious questions of law and fact exist that place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Id.* In addition to these factors, courts must also ensure that the settlement does not undermine the purpose of the FLSA to protect employees' rights from employers who generally wield superior bargaining power. *Valdez v. Se. Kan. Indep. Living Res. Ctr., Inc.*, 2011 WL 1231159, at *3 (D. Kan. 2011).

Here, evidence suggests that the parties fairly and honestly negotiated the settlement. Also, the parties believe that the settlement is fair and reasonable. The parties have agreed to settle

Plaintiff's FLSA misclassification claim for a total of $8,855.00. This amount includes attorney fees, attorney expenses, wages, and liquidated damages attributed to Plaintiff's misclassification claim. Notably, this amount reflects a portion of Plaintiff's total claimed damages. Based on the discovery and sworn testimony in this case, Plaintiff's damages attributable to his FLSA misclassification claim represent 7.7% of the total damages that he is claiming in this lawsuit.

The parties dispute the factual basis of Plaintiff's claims, but this dispute does not undermine the fairness or reasonableness of the settlement. Moreover, the value of immediate recovery would likely outweigh the mere possibility of recovery after protracted litigation. The record reflects that the settlement is consistent with the purpose of the FLSA. The record does not reflect a history of FLSA non-compliance by Defendants nor any likelihood that Plaintiff's circumstance will recur. The Court therefore finds that the settlement is fair and reasonable.

### C. Reasonable Attorney Fees

To determine whether the negotiated amount of attorney fees is reasonable, courts examine whether plaintiff's counsel are adequately compensated and ensure that a conflict of interest does not taint the amount the plaintiff receives under the agreement. *Valdez*, 2011 WL 1231159 at *3.

Similar to the manner in which the parties allocated the settlement amount as settlement of Plaintiff's FLSA misclassification claim, the amount of attorney fees allocated in the settlement agreement towards Plaintiff's FLSA misclassification claim represents 7.7% of the total settlement amount. Plaintiff's counsel seeks $3,336.65 in attorney fees. The amount of attorney fees allocated to Plaintiff's counsel for settlement of Plaintiff's FLSA misclassification claim under the settlement agreement represents 40% of the total settlement proceeds on that claim. Under the specific circumstances of this case, the amount of attorney fees allocated under the settlement agreement are reasonable.

Additionally, Plaintiff's counsel also incurred $513.37 in out-of-pocket costs and expenses attributable to Plaintiff's FLSA misclassification claim (i.e., this amount represents 7.7% of the total costs Plaintiff's counsel incurred to prosecute Plaintiff's claims). This amount was also allocated under the parties' settlement agreement as settlement of Plaintiff's claim for costs incurred in prosecuting his FLSA misclassification claim.

The Court concludes $3,850.02 in attorney fees and costs is a reasonable amount in light of the totality of the litigation. The record contains no suggestion that counsel have a conflict of interest, and the Court finds that the fee award should be approved.

## II. CONCLUSION

For the reasons discussed above, the Court finds that the proposed settlement agreement is fair and reasonable.

THE COURT THEREFORE ORDERS that the parties' Joint Motion to Approve Settlement (Doc. 82) is GRANTED.

IT IS SO ORDERED.

DATED: November 28, 2018

*/s/ Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE

5